IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER LANDRESS; TEXAS SABAL, INC., a Nevada corp.; and WILLIAM POWELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>HIKO BELL MINING & OIL CO., and ROBERT COVINGTON, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON ORDER TO SHOW CAUSE<br><br><br><br><br><br>Case No. 2:06-CV-734 TS |

## I. INTRODUCTION

This matter came before the Court on August 19, 2009 for a hearing on an Order to Show Cause why Defendant Robert Covington (Covington) should not be held in contempt for the failure to comply with the May 27, 2009 Summary Judgment Order.[1] The Court finds that Covington has not complied with the prior court order but has complied with the Order to Show Cause and may purge himself of contempt by turning over corporate records for copying.

---

[1] Docket No. 90.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Based on the entire record, the Court finds the following. In this shareholder derivative action, Covington was one of the individual defendants sued as a director of defendant Hiko Bell, a Utah corporation involved in the extraction and marketing of hydrocarbons.

The individual Defendants failed to respond to Plaintiffs' Motion for Summary Judgment and summary judgment was entered in favor of Plaintiffs. Among other relief, the Summary Judgment Order ordered that "the individual defendants forthwith turn over to the plaintiffs' or their legal counsel a copy of all shareholder records so that a meeting can be noticed . . . . Plaintiffs through counsel may employ any law enforcement agency to enforce this order."[2]

After the Summary Judgment Order was entered and the case was closed, Plaintiff sought an Order to Show Cause. According to the affidavit of one of Plaintiffs' counsel, Mr. Covington refused to turn over the records. An Order to Show Cause was issued and served on Mr. Covington.

Covington, acting pro se, filed a written response. The Court finds that Covington had notice of the Summary Judgment Order. The Court notes that attached to Mr. Covington's letter is an earlier letter to the Court. Covington's current response and his earlier letter address the merits of the underlying action. However, this case was resolved by the Summary Judgment Order and the merits may not be now revisited as part of the

---

[2] *Id*. at 3, ¶ 3.

show cause proceedings. Accordingly, the Court will disregard the earlier letter and the portion of the response addressing the merits of this action.

On the issue raised by the Order to Show Cause, Covington's letter explains that it was his understanding that the Summary Judgment Order directs him to turn over copies of the records, not the originals as requested by Plaintiffs' counsel. He further states that he previously provided two copies of the corporate records to co-Plaintiff Texas Sabel's attorneys. Covington also asserts his understanding that SEC rules require that he retain the originals.

Plaintiffs' counsel disputes that they previously received a complete copy of the records and argues that the corporate records were the subject of several motions to compel. The Court need not determine the dispute over whether a complete copy of corporate records was previously provided because the Summary Judgment Order ordered that "the individual defendants *forthwith* turn over to the plaintiffs' or their legal counsel a copy of all shareholder records."[3] It is not sufficient to comply with the plain language of the Summary Judgment Order to forthwith turn over a copy of all records to say that copies may have been previously provided.

Covington brought the original corporate records with him to the hearing as required by the Order to Show Cause. Plaintiffs' counsel represents that he will be able to copy the originals and promptly return them via parcel post. Plaintiffs' counsel has agreed to

---

[3]*Id.* (emphasis added).

3

provide a receipt for the original records while they are in his temporary control for the purposes of copying.

During the hearing, Covington provided the Court with an exhibit. It appears that the exhibit is the original of the minutes of the recent board of Directors meeting. The Court will provide that exhibit to Plaintiffs' counsel who shall return it to Covington with the original records.

### III. DISCUSSION AND FINDINGS OF CONTEMPT

"To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."[4] "Civil contempt may be used 'to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance' with a court order."[5] "[O]nce a plaintiff has established the elements of contempt by clear and convincing evidence, it need only prove damages by a preponderance of the evidence."[6] A "finding of willfulness is not required to award attorney fees in a civil contempt proceeding."[7]

The Court finds by clear and convincing evidence that the Summary Judgment Order is a valid court order, that Covington had knowledge of the Order and that he

---

[4] *Reliance Ins. Co. v. Mast Const. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998).

[5] *Id.* at 1318 (quoting *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992)).

[6] *Id.*

[7] *John Zink Co. v. Zink*, 241 F.3d 1256, 1261-62 (10th Cir. 2001).

4

disobeyed the order by failing to forthwith turn over to the Plaintiffs' or their legal counsel a copy of all shareholder records. Therefore, the Court finds that Covington was in contempt of a valid court order. However, the Court further finds that Covington has complied with the Order to Show Cause's requirement that he appear at the hearing and bring with him all shareholder records as he was previously ordered to turn over in copy form. The Court finds that by bringing the records and providing them to Plaintiff's counsel for the purpose of allowing him to make copies, Plaintiff can purge himself of contempt.

Plaintiffs' counsel seeks an award of attorney fees incurred as a result of the initial failure to comply. Plaintiffs' counsel shall file an application for such fees.

## IV. ORDER

Based on the foregoing, it is therefore

ORDERED that Defendant Robert Covington, as director of Hiko Bell Mining & Oil Company, is adjudged to be in contempt of court for the failure to comply with the May 27, 2009 Summary Judgment Order that he forthwith turn over to Plaintiffs or their counsel a copy of all shareholder records. Covington may purge himself of contempt by turning over the records for the purpose of allowing Plaintiffs' counsel to make his own copies. It is further

ORDERED that Defendant Robert Covington, as director of Hiko Bell Mining & Oil Company, shall turn over those original records to Plaintiffs' counsel, Julian Jensen, for the sole purpose of allowing said counsel to make a copy the records. Plaintiffs' counsel shall provide a written receipt for the records turned over. Plaintiffs' counsel shall pick up from chambers the original minutes of a Special Meeting of the Board of Director's provided to

5

the Court by Covington at the hearing and shall return them to Covington with all of the other original records. It is further

ORDERED that Plaintiffs' counsel shall return all of the original records to Robert Covington by Friday, August 21, 2009 at 5:00 p.m. The return may be made by parcel post or otherwise, so long as delivery is by said date and time.

DATED August 19, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge