IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER LANDRESS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HIKO BELL MINING CO., CRAIG CALDWELL, a director, JAMES CALDWELL, a director, and ROBERT COVINGTON, a director,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR A WRIT OF ASSISTANCE AND DENYING EX PARTE MOTION FOR A WRIT OF REPLEVIN<br><br><br>Case No. 2:06-CV-734 TS |

Plaintiffs seek a post-judgment writ of replevin for the purpose of obtaining corporate records. The history of this case can be briefly summarized as follows: Plaintiffs are three shareholders who brought this shareholder derivative action on behalf of Defendant Hiko Bell. Plaintiffs obtained a summary judgment (Judgment) granting the relief they sought in their Complaint, including the following: a return to Hiko Bell of a two-acre yard and lot; a copy of all *shareholder* records; monetary judgments against Defendants Covington and Craig Caldwell and an alter ego corporation known as Bluebell corporation; and a new

1

shareholder meeting. The turnover of shareholder records was accomplished pursuant to an order to show cause. The Judgment was subsequently amended to vacate a provision regarding court approval of proxy statements.

Plaintiffs' Complaint sought copies of shareholder records but did not seek turnover of other corporate books and records. Therefore the Judgment does not address turnover of corporate books and records.

Plaintiffs represent that, subsequent to the entry of the Judgment, there was a shareholder meeting wherein new directors were elected. They also represent that the new directors have authorized Plaintiffs' counsel to make a specific demand on Defendants Caldwell and Roger Covington for Hiko Bell's corporate records and that such demands have not been successful.

Plaintiffs bring two motions seeking two ex parte post-judgment writs. The first is a motion for a writ of assistance to accomplish the return of the two-acre yard as required in the Judgment. The Court finds that such a writ of assistance to obtain return of the property as required by the Judgment is appropriate under Fed. R. Civ. P. 70 and will direct the clerk of court to issue the same.

The second motion seeks a writ of replevin to obtain corporate records. As noted above, Plaintiffs rely on post-judgment events as the basis for their right to possession and, therefore, for the issuance of the writ. As authority for their request, Plaintiffs cite *Bush v.*

*Bush*,[1] *New Quincy Mining Company v. Johnson*,[2] and *United International Holdings, Inc. v. Wharf*.[3] The Court finds these cases are not relevant to the post-judgment writ of replevin sought in this case. In the *Bush* case, the Utah Supreme Court held that a replevin action requires an allegation that "at the time the action is commenced" the plaintiff is "entitled to the immediate possession of the property."[4] The Complaint herein does not allege Plaintiffs were entitled to possession of the corporate books and records at the time the action was commenced. Instead, as noted above, it sought only the shareholder records. Nor do Plaintiffs currently allege that they were entitled to possession of Hiko Bell's books and records at the time this action was filed.

The *New Quincy Mining* case involved two related cases on appeal before the Utah Supreme Court. In one case, the election of new officers was challenged, in the other, the issuance of a writ requiring turnover of the corporate records was challenged. Under those circumstances, the Utah Supreme Court found that its decision in the appeal of the election of corporate officers made the separately appealed challenge to the writ covering corporate records "merely academic,"[5] and ordered turnover.

In the present case, unlike the situation in the *New Quincy Mining* appeals, there is no related proceeding in which turnover has already been ordered. In this case, the

---

[1] 184 P. 823, 825 (Utah 1919).

[2] 199 P. 561 (Utah 1948).

[3] 210 F.3d 1207, 1236 (10th Cir. 2000).

[4] *Bush*, 199 P. at 825.

[5] *Id*. at 562.

events upon which the requested turnover are based—the election of new directors and authorization of those new directors regarding corporate records—both occurred after the entry of judgment and the closure of this case. Thus, it is an entirely new matter.

The third case cited by Plaintiffs, *United International Holdings, Inc. v. Wharf*, is also not helpful. The post-judgment writs issued in *United International* arose from the plaintiff's attempt to satisfy a money judgment via a writ of assistance to turnover foreign bank accounts and stock certificates to apply in satisfaction of its money judgment. Unlike *United International*, the purpose of the request for turnover of corporate books and records in this case is not related to satisfaction of Plaintiffs' money judgment against Defendants.

In conclusion, the new demand by the new corporate officers for turnover of corporate books and records is an entirely new matter that arose post-judgment and is not properly before this Court in this closed case. It is therefore

ORDERED that Plaintiffs' ex parte Motion for a Writ of Assistance (Docket No. 110) is GRANTED. It is further

ORDERED that Plaintiffs' ex parte Motion for a Writ of Replevin (Docket No. 111) is DENIED.

DATED February 8th, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

4