IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER LANDRESS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>HIKO BELL MINING CO., CRAIG CALDWELL, a director, JAMES CALDWELL, a director, and ROBERT COVINGTON, a director,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' EX PARTE (NOT SEALED) MOTION FOR AN ORDER TO SHOW CAUSE<br><br><br><br>Case No. 2:06-CV-734 TS |

　　　　This matter is before the Court on Plaintiffs' Motion for an Order to Show Cause why Defendants Craig Caldwell, James Caldwell, and Robert Covington should not be held in contempt for the failure to comply with writs issued by this court.

　　　　In support of their Motion, Plaintiffs attach the returns of three writs. The returns show that a Writ of Execution was served on Craig Caldwell and Robert Covington seeking to execute on certain personal property, namely stock certificates. The Judgment entered herein on May 27, 2009, did not involve the possession or turnover of any stock

1

certificates. Instead, the Writs of Execution served on these Defendants are in aid of the collection of Plaintiffs' money judgment against these Defendants in their capacity as judgment debtors. These two writs sought to execute on the stock certificates to collect that money judgment. As such, the post-judgment collection procedures under Fed. R. Civ. P. 69, DUCivR 69-1, and a supplemental proceeding before the magistrate judge DUCivR 72-2(a)(3) are available to Plaintiffs if they are unsatisfied with the judgment-debtors' responses to the writs of execution or seek further proceedings on the writs of execution. Therefore, an order to show cause is not appropriate at this time as to the Writs of Execution. The denial of the Motion for an Order to Show Cause as to the Writs of Execution is without prejudice to the renewal of the issue before the appropriate magistrate judge as part of supplemental proceedings in aid of satisfaction of the money judgment.

However, as to the Writ of Assistance under Fed. R. Civ. P. 70, it involves an act—transfer of a two-acre parcel of real property—specifically ordered by the Judgment herein. The Writ of Assistance is directed to "Bluebell Oil Company, an alter ego and controlled of Craig Caldwell and Robert Covington." It requires that James C. Caldwell, Craig Caldwell or Robert Covington, as principals and officers of Bluebell Oil Company , execute a quit claim deed transferring any interest Bluebell Oil Company may have in the property back to Hiko Bell Mining & Oil Com., n/k/a Hiko Energy.

The Writ of Assistance was served on Bluebell Oil Company / Craig Caldwell and Robert Covington by leaving it with Craig Caldwell. The Return for the Writ of Execution states that Craig Caldwell refused to sign the quit claim deed on behalf of Bluebell Oil Company and requested a hearing.

It appearing that the transfer of the two-acre parcel was ordered by the Judgment; that the Writ of Assistance was properly served on Defendant Craig Caldwell and Defendant Robert Covington and their alter ego and controlled entity Bluebell Oil Company by service on Craig Caldwell; that said Defendants have failed to comply with the Judgment of this Court or with the Writ of Assistance, the Court will order an issue an order to show cause why Defendants Defendant Craig Caldwell and Defendant Robert Covington and their alter ego and controlled entity Bluebell Oil Company should not be held in contempt for the failure to comply with the May 27, 2009 Judgment or the Writ of Assistance. It is therefore

ORDERED that Plaintiffs' Ex Parte (Not Sealed) Motion for an Order to Show Cause (Docket No. 118) is GRANTED IN PART AND DENIED IN PART as set forth above. It is further

ORDERED that the Court will issue an Order to Show Cause why Defendant Craig Caldwell and Defendant Robert Covington and their alter ego and controlled entity Bluebell Oil Company, should not be held in contempt and Plaintiffs shall serve the same together with a copy of the Motion for Second Order to Show Cause, all attachments, and the present Memorandum Decision and Order on said Defendants.

DATED   March 4, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge